674 A.2d 670

**COMMUNITY COLLEGE OF PHILADELPHIA, Dr. Frederick W. Capshaw, and Dr. Thomas R. Hawk, Appellants,**

**v.**

**Janell D. BROWN, Angelita Hogan, and William E. Cunnane, III, Appellees.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1996.

Decided April 16, 1996.

32

Wm. Whiteside, Jr., Community College of Phila., Steven K. Ludwig, Community College of Phila., for Appellants.

Joseph A. Sullivan, for J.D. Brown, A. Hogan and Wm. E. Cunnane, III.

Mark Goodman, for Student Law Press Center.

Jane E. Kirtley, for Reporters.

Samuel Fineman, for Pa. Newspapers Publishers Assn.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In March of 1992 the appellees, the present and former editors of the student newspaper (hereinafter "Brown") sought to compel the Community College of Philadelphia (hereinafter "the college") to disclose documents concerning campus security pursuant to the Right to Know Act, 65 Pa.C.S. § 66.1 et seq. The college denied the request for information and Brown appealed to common pleas court. The college filed a motion to quash the appeal asserting that it was not subject to the Right to Know Act. The common pleas court held that the college was not an agency within the meaning of the Right to Know Act, and, therefore, quashed the appeal. An appeal was taken to Commonwealth Court, which reversed, holding that the college was an agency for purposes of the Right to Know Act, and that it was, therefore, subject to the terms of the act.

We granted allocatur in order to consider whether the college is subject to the Right to Know Act.[1]

Generally, the Right to Know Act opens public records to examination and inspection by any citizen, excepting papers the publication of which would disclose the institution, progress or result of an official investigation. The intent of the act was to clarify the right of examination and inspection of public records by all citizens. *Wiley v. Woods,* 393 Pa. 341, 350, 141 A.2d 844 (1958).

1. Although the college challenged the jurisdiction of Commonwealth Court to hear this appeal on the grounds that Brown failed to properly assert jurisdiction, the college requests that this court decide the substantive issues of the case. Brown does not object. In any event, Commonwealth Court was vested with jurisdiction pursuant to 42 Pa.C.S. § 762(a)(4)(i)(A).

The Right to Know Act applies to "public records" of "public agencies." [2] The act defines an agency as:

> Any department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or any State or municipal authority or similar organization created by or pursuant to a statute which declares in substance that *such organization performs or has for its purpose the performance of an essential governmental function.*

65 Pa.C.S. § 66.1(1) (emphasis added). Based on this definition of "agency," the initial question becomes whether the college performs an essential governmental function.

Commonwealth Court reasoned that in creating community colleges, the General Assembly sought to supply publicly funded education in locations not adequately served and has, thereby, declared that community colleges perform an essential function.[3]

We disagree. In order to determine that community colleges perform an essential function, community colleges would have to be statutorily identified as providing essential services, or they would have to provide a service which is constitutionally mandated, or they would have to provide a service indisputably necessary to the continued existence of the Commonwealth.

First, there is no statutory identification of community colleges as providers of essential services. Second, as Commonwealth Court held in *Agostine v. School District of Philadelphia,* 106 Pa.Cmwlth. 492, 527 A.2d 193, 195 (1987), there is no constitutional requirement that the legislature provide for public education beyond the primary and secondary level. Thus, there is no constitutional mandate for the services of

---

2. Because of our disposition of this case, we do not consider whether the records in question fall within the meaning of "public records" as defined by the act, § 66.1(2).

3. Community colleges are created by the Community College Act, now "Article XIX-A. Community Colleges," a part of the Public School Code, Act of July 1, 1985, P.L. 103, 24 P.S. §§ 19–1901–A-1913–A.

community colleges. Finally, it is not clear that in the absence of the services performed by community colleges, the survival of the Commonwealth would be in jeopardy. In sum, while the community colleges of Pennsylvania perform important educational services, we know of no authority which holds that their services are "essential."[4]

We hold, therefore, that community colleges are not subject to the Right to Know Act because they are not "agencies" as that term is defined in the act. Accord *Mooney v. Board of Trustees of Temple University,* 448 Pa. 424, 292 A.2d 395 (1972) (Temple University is not an "agency" within the meaning of the Right to Know Act); *Roy v. Pennsylvania State University,* 130 Pa.Cmwlth. 468, 568 A.2d 751 (1990) (Pennsylvania State University is not an "agency" within the meaning of the Right to Know Act, even though it, like Temple University, receives public funds).

Order of Commonwealth Court is reversed.[5]

NEWMAN, J., did not participate in the consideration or decision of this matter.

---

4. Black's Law Dictionary (Fourth Ed) defines "essential" as: "Indispensably necessary; important in the highest degree; requisite." Webster's Third New International Dictionary defines "essential" as "something basic or fundamental esp. belonging to or forming part of the minimal indispensable body, character, or structure of a thing; ... something necessary, indispensable, or unavoidable."

5. We note that the General Assembly is currently considering House Bill 277, which would apply the Right to Know Act to community colleges and other institutions of higher education.