934 A.2d 1227

**Matthew ZAGER, Appellee,**

v.

**CHESTER COMMUNITY CHARTER SCHOOL, Appellant.**

Supreme Court of Pennsylvania.

Argued May 14, 2007.

Decided Nov. 20, 2007.

Michael P. Dignazio, Esq., Delaware County Solicitor's Office, Media, for Chester Community Charter School.

Henry Fintan McHugh, Esq., Petrikin, Wellman, Damico, Brown & Petrosa, Media, for Matthew Zager.

Teri L. Henning, Esq., for amicus curiae Pennsylvania Newspaper Association.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

*OPINION*

Justice BALDWIN.

*Facts and Procedural History*

Appellant, Chester Community Charter School ("the school"), was created pursuant to the Charter School Law, 24 P.S. § 17–1701–A et. seq. The school is currently managed by Charter School Management, Inc., which provides management services to the school pursuant to a written agreement. A corporation known as Charter Choice, Inc. managed the school prior to July, 2002. Appellee, Matthew Zager (Zager), is a resident of Pennsylvania.

On April 5, 2005, pursuant to the Right–to–Know Act ("Act"), 65 P.S. § 66.1 et. seq., Zager sent a letter to Vahan Gureghian, the Chief Executive Officer of Charter School Management, Inc., requesting the independent Auditor's report and financial statements for Chester Community Charter School for the fiscal year ending June 30, 2003. Zager additionally requested information regarding the management arrangement between Chester Community Charter School and Charter Choice, Inc. A copy of the letter was sent to Peter Idstein, an officer of Charter School Management, Inc. and school chief administrator. The school failed to respond to Zager's request.

On April 22, 2004, Zager's attorney sent a letter to Mr. Gureghian indicating that Chester Charter School was a non-Commonwealth agency under the Right–to–Know Act, and that pursuant to 65 P.S. § 66.3–4(a), the school's failure to respond to Zager's initial letter in a timely manner constituted a deemed denial of Zager's request.[1] The letter further specified that it included Zager's exceptions to the deemed denial, pursuant to 65 P.S. § 63.3–5(a),[2] and restated Petitioner's requests as follows:

(1) The independent Auditor's report and financial statements for the fiscal year ended June 30, 2003 for the Chester Community Charter School; and

(2) The management contract or agreement between Chester Community Charter School and Charter Choice, Inc.

In excepting to the deemed denial of Zager's requests, the letter indicated that the documents requested were clearly public records as defined by section 66.1 of the Right–to–Know Act, 65 P.S. § 66.1.[3]

---

1. 65 P.S. § 66.3–4(a).

   General rule. Upon receipt of a written request for access to a record, a non-Commonwealth agency shall make a good faith effort to determine if the record requested is a public record and to respond as promptly as possible under the circumstances existing at the time of the request but shall not exceed five business days from the date the written request is received by the non-Commonwealth agency head or other person designated in the rules established by the non-Commonwealth agency for receiving such requests. If the non-Commonwealth agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

2. 65 P.S. § 66.3–5(a).

   Filing of exceptions. If a written request for access is denied or deemed denied, the requester may file exceptions with the head of the agency denying the request for access within 15 business days of the mailing date of the agency's response or within 15 days of a deemed denial. The exceptions shall state grounds upon which the requester asserts that the record is a public record and shall address any grounds stated by the agency for delaying or denying the request.

3. 65 P.S. § 66.1.

   "Public record." Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other

By letter dated May 19, 2004, Danielle Gureghian, Executive Vice President and legal counsel for Charter School Management, Inc. denied Zager's request for the records on grounds that Charter School Management, Inc. was a private company and therefore not subject to the Right–to–Know Act. The letter further noted that 24 P.S. § 17–1732A of the Public School Code did not indicate that the Right–to–Know Act applies to charter schools.

Thereafter, Zager filed a Petition for Review with the Court of Common Pleas of Delaware County. In his Petition, Zager asserted that charter schools are in fact subject to the Right–to–Know Act, that the documents he requested fell within the Act's definition of public records and therefore the school was required to make them available. In response, the school asserted that the documents requested were not public records as defined by the Right–to–Know Act, and that the school was not an "agency" as defined by the Act, and therefore not subject to the Act. The school made additional arguments that even if it was subject to the Right–to–Know Act, the documents requested by Zager would reveal trade secrets and business practices which the Act protects from disclosure.

In a comprehensive and well-reasoned opinion, the trial court concluded that the school was subject to the requirements of the Right–to–Know Act and that the documents requested by Zager constituted public records that were sub-

property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

ject to disclosure. In making its determination, the trial court noted that Chester Community Charter School is an independent public school which provides an essential government function, namely primary or secondary education, and as such qualifies as an organization that is subject to the Right–to–Know Act. The trial court additionally found no merit to the school's assertion that the Charter School Law exempts charter schools from the disclosure requirements of the Right–to–Know Act. Finally, the court concluded that the documents requested by Zager did in fact constitute public records, and accordingly directed the school to provide Zager with copies of the requested records. Following a Petition for Reconsideration filed by the school, the trial court filed a supplemental opinion reiterating that charter schools are subject to the requirements of the Right–to–Know Act, and that the records requested by Zager were subject to public disclosure.

Chester Community Charter School appealed to the Commonwealth Court from the denial of its Petition for Reconsideration. The Commonwealth Court affirmed, reasoning that the school qualified as an "agency" performing an essential government function for purposes of the Right–to–Know Act and therefore it was subject to the Act's disclosure requirements. The court additionally concluded that the school's argument that the documents requested by Zager were not public records was raised for the first time before the Court of Common Pleas. Because the school did not include this ground for denial in its initial response to Zager's request on May 19, 2004, the court concluded that the school had waived the issue of whether the documents qualified as public records and declined to address its merits. Chester Community Charter School appeals the order of the Commonwealth Court affirming the trial court's determination.

### Discussion

The Right–to–Know Act requires "agencies" to make public records accessible for inspection and duplication. 65 P.S. § 66.2. The purpose of the statute is to "enlarge the rights of the general public for the examination and inspection

of public records." *Wiley v. Woods,* 393 Pa. 341, 348, 141 A.2d 844, 848 (1958). Agencies that are required to disclose their records are defined by the Act as follows:

> "Agency." Any office, department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, the State System of Higher Education or any State or municipal authority or similar organization created by or pursuant to a statute which declares in substance that such organization performs or has for its purpose the performance of an essential governmental function.

65 P.S. § 66.1.

Charter schools are not specifically listed within the definition of "agency" as set forth in section 66.1 of the Right–to–Know Act. However, in addition to the entities that are explicitly enumerated, section 66.1 provides a catch-all provision which subjects to the Act's requirements organizations that are similar to those listed and which perform or have for their purpose, the performance of an essential governmental function. Chester Community Charter School asserts, however, that the catch-all provision refers only to those organizations that are similar to state or municipal authorities since the language of section 66.1 lists "state or municipal authorities" immediately preceding the catch-all provision. Contending that charter schools are not similar to state or municipal authorities, Chester Community Charter School argues that it is therefore not subject to the Right–to–Know Act. The school additionally relies on our decision in *Mooney v. Bd. of Trustees of Temple Univ.,* 448 Pa. 424, 292 A.2d 395 (1972), which held that a university failed to qualify as an agency pursuant to the Right–to–Know Act because it lacked similarity to a state or municipal authority. Chester Community Charter School asserts, therefore, that section 66.1 applies solely to those agencies that are similar to state or municipal authorities, and that charter schools lack sufficient similarity to fall within the scope of the Right–to–Know Act.

Courts within this Commonwealth have repeatedly found school districts, vested with the power to carry out the provisions of the Public School Code, sufficiently similar to the entities explicitly listed in section 66.1 to qualify as "agencies" within the Act's definition. See e.g. *Muir v. Alexander,* 858 A.2d 653 (Pa.Cmwlth., 2004); *Pennsylvania Land Title Ass'n v. East Stroudsburg Area School Dist.,* 913 A.2d 961 (Pa. Cmwlth., 2006). Public schools, which constitute the foundation of school districts, are therefore subject to the Right–to–Know Act's record requirements. Charter schools are not exempt from the statutes that are applicable to public schools. 24 P.S. § 17–1715–A(1).

Relying on Mooney, Chester Community Charter School overlooks our decision in *Community College of Philadelphia v. Brown,* 544 Pa. 31, 34, 674 A.2d 670, 672 (1996), wherein we established that when analyzing whether an organization qualifies as an agency pursuant to the Right–to–Know Act, a critical inquiry is whether the organization performs an "essential governmental function." In determining whether an agency is performing an essential governmental function, we held in Community College that the performing entity must be either statutorily identified as providing an essential service or provide a service which is constitutionally mandated or indisputably necessary to continued existence of the Commonwealth. *Community College,* 544 Pa. at 34, 674 A.2d at 672.

■■ Article III § 14 of the Pennsylvania Constitution requires the General Assembly to provide public education to serve the needs of the Commonwealth. "The Constitution of Pennsylvania ... not only recognizes that the cause of education is one of the distinct obligations of the state, but makes of it an indispensable governmental function." *Malone v. Hayden,* 329 Pa. 213, 223, 197 A. 344, 352 (1938). *The Charter School Law,* 24 P.S. § 17–1701–A et. seq., pursuant to which Chester Community Charter School was created, defines a charter school as "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend." 24 P.S. § 17–1703–A. The Public School Code, within which the

Charter School Law is contained, is intended to "establish a thorough and efficient system of public education, to which every child has a right." *Hazleton Area Sch. Dist. v. Zoning Hearing Bd.*, 566 Pa. 180, 192, 778 A.2d 1205, 1213 (2001). A stated purpose of charter schools is to "provide parents and pupils with expanded choices in the types of educational opportunities that are available within the public school system." 24 P.S. § 17–1702–A(5). See also *Mosaica Academy Charter Sch. v. Com. Dept. of Ed.*, 572 Pa. 191, 206, 813 A.2d 813, 822 (2002) ("... the General Assembly was clear in defining a charter school as a public school...."); *West Chester Area Sch. Dist. v. Collegium Charter Sch.*, 571 Pa. 503, 507, 812 A.2d 1172, 1174 (2002) ("A charter school is defined under the [Charter School Law] as an independent, nonprofit, public school...."). Therefore charter schools, as independent public schools created for the purpose of providing the essential governmental service of education in a constitutionally mandated manner, are necessarily included among the agencies that are subject to the Right–to–Know Act.

■ Chester Community Charter School next asserts that the Charter School Law does not require charter schools to comply with the requirements of the Right–to–Know Act. Specifically, the school relies on 24 P.S. § 17–1721–A and 24 P.S. § 17–1716–A(c) of the Charter School Law in support of its argument. The school maintains that section 17–1721–A, pertaining to the organization of the Charter School Appeal Board, is the only provision in the Charter School Law that explicitly mandates compliance with the Right–to–Know Act. In comparison, section 17–1716–A(c) of the Charter School Law governing charter school Boards of Trustees, mandates compliance only with the Sunshine Act. The school asserts that these two sections of the Charter School Law must be read in pari materia. Reading the sections together, the school contends, demonstrates the Legislature's intent to free charter schools from the burden of responding to every conceivable request for documents pursuant to the Right–to–Know Act, by limiting compliance with the Act to the school's Appeal Board only.

Although the language of the Charter School Law requires only the Charter School Appeal Board to comply with the requirements of the Right–to–Know Act, by the terms of the Right-to Know Act itself, charter schools in general are subject to the Act's requirements by virtue of their function of providing the essential, constitutionally mandated service of education. While the Charter School Law does not specifically require charter schools to comply with the Right–to–Know Act, the Right–to–Know Act includes charter schools, providers of public education, as organizations bound by its requirements.

Additionally, the Right–to–Know Act, enacted on June 21, 1957, predates the Charter School Law, which was enacted on June 19, 1997. Therefore, we may presume that at the time the Charter School Law was enacted, the Legislature was aware that charter schools would fall within the Act's authority, and consequently declined to specifically reference the Right–to–Know Act within the Charter School Law. For the same reason, the Legislature may have declined to explicitly include charter schools within the definition of "agency" upon the amendment of the Right–to–Know Act on June 29, 2002.

■■ The General Assembly is empowered to pass legislation [and] define the terms of its legislation as its sees fit. *Harristown Dev. Corp. v. Com., Dep't of General Services*, 532 Pa. 45, 51, 614 A.2d 1128, 1131 (1992). While the Legislature may have declined to mandate compliance with the Right–to–Know Act within the Charter School Law, the Right–to–Know Act itself includes charter schools within its scope and therefore subjects charter schools to its requirements. Accordingly, we affirm the determination of the Commonwealth Court that the records requested by the Appellee are subject to public disclosure.[4]

4. Chester Community Charter School additionally asserts that the management contract and internal audit requested by Zager are not public records subject to disclosure within the meaning of the Right–to–Know Act. However, Chester Community Charter School failed to include this issue in the statement of questions presented for review in its Petition for Allowance of Appeal. Therefore, we will not address the merits of this argument. *See Lewis v. United Hospitals, Inc.*, 547 Pa. 626, 632,

Chief Justice CAPPY and Justice CASTILLE, SAYLOR, BAER and FITZGERALD join the opinion.

Justice EAKIN files a concurring opinion.

Justice EAKIN, concurring.

I concur in the result, but would affirm based on the Commonwealth Court's reasoning that the charter school performs an essential government function. See *Chester Community Charter School v. Zager*, 895 A.2d 97 unpublished memorandum at 4–7 (Pa.Cmwlth., 2006). I would not reach the issue of the legislature's intent in enacting the Charter School Law.

692 A.2d 1055, 1058 (1997); Pa.R.A.P. 1115(3) ("Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed.").