**[J-58-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**


| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 685 CAP |
| | : |
| Appellee | : Appeal from the Order entered on |
| | : 08/27/2013 in the Court of Common Pleas, |
| | : Criminal Division of Philadelphia County at |
| v. | : No. CP-51-CR-0500861-1998 |
| | : |
| | : SUBMITTED:  June 5, 2014 |
| ANTOINE LIGONS, | : |
| | : |
| Appellant | : |


**Concurring Statement**


**MR. JUSTICE STEVENS**                    **DECIDED:  November 19, 2014**

While I concur in the result, I would have preferred a disposition with an opinion. Therein, I would have found Appellant met his burden of establishing his second PCRA petition is timely under the governmental interference exception of 42 Pa.C.S. § 9545(b)(1)(i) and the newly-discovered evidence exception of 42 Pa.C.S. § 9545(b)(1)(ii). However, I would have further determined that Appellant failed to establish his conviction and/or death sentence must be vacated in light of the Commonwealth's violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) for I cannot find that there was a reasonable probability that had the photographic arrays been disclosed and employed as impeachment at trial a different result would have ensued.

As they pertain to Mrs. Johnson's identification of Appellant, I believe that the photographic arrays are not exculpatory, for they corroborate her trial testimony. Mrs. Johnson testified she was able to see and hear Appellant clearly, who was wearing a black ski mask, a black jumpsuit, and black timberland boots, as he held her husband at gunpoint. She distinctly saw his unique eyes through the "very, very large" cut-out area of the ski mask. N.T., Trial, 3/17/99 at 115-121, 138, 140-42; N.T., PCRA, 5/29/13 at 70. She remarked that his complexion was light and his eyes were hazel. N.T., Trial, 3/17/99 at 116.[1] Several hours after the murder, police questioned Mrs. Johnson at which time she testified she picked two men from a black-and-white photographic array and requested to see color photographs so as to make a definitive identification. While Appellant represents that Mrs. Johnson testified at trial she circled Appellant's color photograph, in fact, she stated that when she viewed the photographic array in color, she identified Appellant as the shooter, though she repeatedly admitted that she could not remember if she circled Appellant's photograph or signed the photographic arrays. N.T., Trial, 3/17/99 at 124-128. Significantly, Mrs. Johnson never wavered in her identification of Appellant during the trial process or at the PCRA hearing.

In addition, in the "Claim for Relief" portion of his Second PCRA Petition, Appellant indicates he was denied due process of law guaranteed under Brady when the Commonwealth failed to disclose material, exculpatory evidence, the photographic arrays, which would have bolstered his misidentification defense at trial. Second PCRA

---

[1] A discussion was held at sidebar after the jury had been dismissed on March 17, 1999, to discuss the absence of the referenced photographic arrays. At that time, the trial court commented to defense counsel that "[h]is eyes are extremely distinctive, Mr. Wallace, you have to admit that . . . his are very unusual." N.T., Trial, 3/17/99 at 186-187.

Petition at ¶ 52. Notwithstanding, in his initial brief Appellant divides this principal claim into four subparts, the fourth of which includes subissues. In an opinion, I would have discussed that Appellant waived several of these additional issues for failing to raise them specifically in his Second PCRA Petition or to develop them at the evidentiary hearing held thereon, that some of those issues have been previously litigated, and few are both waived and previously litigated.[2]

---

[2] This Court no longer applies the relaxed waiver doctrine in capital PCRA appeals. Ligons II, 601 Pa. 123, 124, 971 A.2d 1125, 1137 citing Commonwealth v. Albrecht, 544 Pa. 31, 720 A.2d 693, 700 (1998).