J-S37002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
SAMIR SAUNDERS :
:
Appellant : No. 1679 EDA 2019

Appeal from the Judgment of Sentence Entered April 26, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002212-2018

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 31, 2024**

Samir Saunders appeals from the judgment of sentence of forty-eight months of probation after he pled guilty to two counts each of corruption of minors and indecent assault of a person less than thirteen years of age. On appeal, he raises numerous challenges to the constitutionality of Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA"). We affirm.

We glean the following background from the certified record. On November 7, 2018, Appellant pled guilty to the above-referenced charges, which stemmed from multiple occasions wherein he rubbed the vagina of two minor family members and forced them to masturbate him. The court ordered that Appellant undergo an evaluation by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether he satisfied the criteria of being a sexually violent predator ("SVP"). In the interim, and prior to

sentencing, Appellant filed a motion that, *inter alia*, attacked the constitutionality of Subchapter H of SORNA and sought to bar any SVP hearing. Several other similarly situated defendants in Bucks County filed identical motions.

The trial court, sitting *en banc*, held a hearing and considered briefs as to the motions. It initially entered a memorandum opinion granting relief to Appellant and finding that SORNA was unconstitutional because it retroactively imposed punitive registration requirements. However, the Commonwealth filed a motion for reconsideration, which resulted in an additional hearing and further briefing by the parties. Ultimately, the court entered an order on March 18, 2019, vacating parts of the prior memorandum and declaring that Subchapter H is constitutional except as it applies to the determination of SVPs, and thus denying the various motions.

The circumstances surrounding Appellant's sentencing were as follows:

> On April 26, 2019, Appellant appeared before the trial court for sentencing. At that time, it was indicated that the SOAB determined that Appellant was not an SVP. At the sentencing hearing, Appellant presented evidence of his intellectual disability and argued that "this case presents a case where, on an as-applied analysis, a SORNA registration would constitute cruel and unusual punishment. It would constitute imposing requirements on someone beyond their abilities." Appellant posited that application of the statute does not serve any legitimate purpose. Ultimately, the trial court rejected Appellant's argument, sentenced him to serve a term of probation of forty-eight months, and determined Appellant to be a Tier-III offender.

*Commonwealth v. Saunders*, 251 A.3d 1256, 2021 WL 1087300, at *1 (Pa.Super. 2021) (non-precedential decision) (cleaned up).

- 2 -

Appellant thereafter filed an appeal raising seven issues, all challenging the constitutionality of SORNA. In one of his claims, he particularly asserted that Subchapter H was unconstitutional as applied to him in light of "his longstanding disabilities, lifetime support staff, and other established circumstances[.]" Appellant's brief at 4. Upon review, this Court held that this argument was waived for lack of development within the brief. **See Saunders**, 2021 WL 1087300, *3 ("Accordingly, because Appellant's argument on this issue fails to set forth any meaningful discussion of relevant legal authority, we conclude that this claim is waived.").

We did not address the merits of Appellant's remaining claims, instead remanding to the trial court for further development of the record. Specifically, we noted that his arguments were the same as those considered by our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) ("**Torsilieri I**"), which was also remanded to the trial court for additional evidence concerning recidivism of sexual offenders. **See Saunders**, 2021 WL 1087300, at *4-5.

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, raising the sole question of SORNA's constitutionality.[1] He

---

[1] More specifically, the petition framed the matter as follows:

> Should this Honorable Court grant the petition for allowance of appeal where the question presented is one of such substantial, public importance as to require prompt and definitive resolution

*(Footnote Continued Next Page)*

did not challenge our affirmation of the judgment of sentence or the finding that he had waived his as-applied constitutional challenge grounded in his disabilities. Our High Court held the petition for allowance of appeal pending resolution of the issues eventually decided in *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*"). Therein, the Court found that Torsilieri "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm." *Id*. at 110. The Court likewise determined that Torsilieri did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." *Id*.

In light of *Torsilieri II* and the overlap of issues presented, the Pennsylvania Supreme Court granted Appellant's allowance of appeal, vacated our order, and remanded this matter to us for reconsideration. This matter is now ripe for review.

Appellant presents the following issues, which we have re-ordered for ease of disposition:

> A. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated United States and Pennsylvania constitutional due process protections because it deprives Appellant of the right to reputation under the Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, [is] overly inclusive of

---

> by the Pennsylvania Supreme Court and the issue involves the constitutionality of a statute of the Commonwealth?

Petition for Allowance of Appeal, 6/25/21, at 2 (capitalization altered).

- 4 -

offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirements, and otherwise violates substantive due process protections?

B. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States and Pennsylvania constitution due process prohibition against *ex post facto* laws?

C. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

D. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions' separation of powers doctrine, as it gave judicial powers to the legislature and Pennsylvania State Police?

E. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated [the] United States and Pennsylvania constitutions' due process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of ***Alleyne v. United States***, 570 U.S. 99 (2013), and that said provisions are not severable?

F. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

G. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements, as applied to Appellant's unique circumstances based on his longstanding disabilities, lifetime support staff, and other

established circumstances, violated his United States and enhanced Pennsylvania constitutional protections in violation of is substantive due process rights, procedural due process rights, equal protection rights, and the bar against cruel and unusual punishment?

Appellant's brief at 4-6 (some capitalization altered).

All of Appellant's issues attack the constitutionality of Subchapter H of SORNA, which "is a question of law for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Smith***, 320 A.3d 674, 681 (Pa.Super. 2024) (citing ***Torsilieri I***). "When addressing constitutional challenges to legislative enactments, we recognize that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens." ***Id***. (citation omitted). Furthermore,

> Any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute clearly, palpably, and plainly violates the Constitution. The presumption that legislative enactments are constitutional is strong. All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. Moreover, statutes are to be construed whenever possible to uphold their constitutionality.

***Id***. (cleaned up).

Finally, we note that such challenges can be either facial or as-applied:

> A facial attack tests a law's constitutionality based on its text alone without considering the facts or circumstances of a particular case. The court does not look beyond the statute's explicit requirements or speculate about hypothetical or imaginary cases. An as-applied attack on a statute is more limited. It does not contend that a law is unconstitutional as written, but that its application to a

- 6 -

particular person under particular circumstances deprives that person of a constitutional right. While as-applied challenges require application of the ordinance to be ripe, facial challenges are different, and ripe upon mere enactment of the ordinance. It is permissible to raise both facial and as-applied challenges to a statute.

*See Commonwealth v. Muhammad*, 241 A.3d 1149, 1155 (Pa.Super. 2020) (cleaned up). Here, Appellant asserts both types of challenges within his brief.

Turning to his first issue, Appellant argues that Subchapter H of SORNA must be stricken because it is supported by an unconstitutional irrebuttable presumption, namely that "[s]exual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a). Our High Court has declared that, to establish a violation of the irrebuttable presumption doctrine, "a challenging party must satisfy the three-prong test of demonstrating: (1) a protected interest, (2) a presumption that is not universally true, and (3) reasonable alternative means to ascertain the presumed fact." *Torsilieri II*, 316 A.3d at 96 (citation omitted). The Court has also clarified that to satisfy the second element, an appellant in this case "must establish a **consensus** of scientific evidence rebutting the presumption as to the class of adult sex offenders (that they are at high risk of reoffending)." *Torsilieri I*, 232 A.3d at 583 (emphasis in original).

Appellant argues that the registration requirements in SORNA deprive him of the right to reputation, as they perpetuate the myth that he is dangerous to society based solely on the type of offense of which he was

convicted without any individualized consideration. *See* Appellant's brief at 56-61. He contends that the evidence introduced in this matter at the *en banc* hearing proves false the claim that sexual offenders are universally "high risk." *Id*. at 62-64. More specifically, he highlights the testimony presented by Karl Hanson, Ph.D., C.Psych, a renowned expert on sex offender recidivism, who opined that the risk arising from such offenders "is actually quite low," and that they are less likely to commit an offense the longer they are crime-free. *Id*. at 62-63. Finally, Appellant asserts that there are alternative methods of achieving SORNA's goals of identifying those likely to recommit sex crimes, including empirical risk-based assessments or SVP determinations. *Id*. at 65-66.

This argument is virtually identical to that considered in ***Torsilieri II***, wherein the Pennsylvania Supreme Court held thusly:

> To overturn the legislative presumption that sex offenders are more likely as a group to commit new sex offenses, we must conclude there is a universal consensus that this presumption is wrong. There cannot be a mere disagreement among experts; there must be clear and indisputable evidence for us to take this extraordinary step, as the General Assembly made a considered policy choice that sex crimes were uniquely abhorrent to the victims and society, and relying on the presumption that, as a group, those who commit such crimes are more likely to commit another crime of a sexual nature.

***Torsilieri II***, 316 A.3d at 99. The Court further noted that all three of Torsilieri's "own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual

offenses."[2]  *Id*. (citation omitted).  Thus, the evidence supported, rather than refuted, the legislative presumption.

In light of **Torsilieri II**, Appellant's claim here must fail.  Though he contends that he introduced evidence that the recidivism risk for sexual offenders "is actually quite low," this does not speak to the ultimate question raised by the legislative findings:  "whether the percentage of those who have committed a sexual offense and go on to commit a second sexual offense — the group SORNA targets — is higher than the percentage of those who first commit a non-sexual offense followed by a second, sexual offense." **Torsilieri II**, 316 A.3d at 99.  Despite extensively highlighting evidence of record that he purports to be favorable to his position, Appellant has done no more than at best raise a "disagreement among experts." **Id**.  He has not provided us with clear and indisputable evidence significantly different from or stronger than that introduced by Torsilieri that the legislative presumption is incorrect. Without this, we are unwilling to take the extraordinary step of concluding that the General Assembly's policy findings are unconstitutional.  Therefore, no relief is due.

In his next five issues, Appellant advances four additional constitution-based challenges to SORNA.  He first asserts that the statute violates both federal and state separation of powers principles, in that it removes the courts

---

[2] Notably, two of the experts whom Appellant cites extensively throughout his brief are the same as those relied upon by Torsilieri, namely Dr. Karl Hanson and Elizabeth Letourneau, Ph.D.

from their mandated sentencing functions. *See* Appellant's brief at 111-13. Second, Appellant argues that the registration requirements constitute cruel and unusual punishment because, *inter alia*, they stigmatize registrants and create barriers to normal life while not achieving the goal of advising the public of those who are likely to recidivate. *Id*. at 75-110. He third maintains that SORNA violates the High Court's precedent in *Alleyne*, as it permits a court to impose punishment, *i.e.*, registration, based upon findings that were not made by a jury beyond a reasonable doubt. *Id*. at 114-15. Finally, Appellant claims that the statute runs afoul of *ex post facto* prohibitions since it retroactively imposes sanctions on those who committed crimes prior to the February 2018 enactment date. *Id*. at 53-55.

The common thread in these claims is that they all depend upon a finding that Subchapter H of SORNA constitutes criminal punishment. *See Torsilieri II*, 316 A.3d at 100 ("Importantly, [the a]ppellee's other constitutional challenges — regarding the separation of powers doctrine, the United States Constitution's prohibition on cruel and unusual punishment, and the right to a trial by jury — depend upon a determination that Subchapter H is punitive legislation."); *id*. at 80 (stating that this question is "a gateway inquiry, as legislation must be deemed to be in the nature of criminal punishment to invoke the protections of these constitutional provisions").

As referenced above, the *Torsilieri II* Court directly addressed whether the act's registration requirements constituted criminal punishment based on the testimony presented, opining that Torsilieri "did not meet his heavy

burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose." ***Torsilieri II***, 316 A.3d at 109-110 (analyzing the factors set forth in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963)). Accordingly, it held:

> This being the case, we also conclude that, because a finding that Subchapter H constitutes criminal punishment is a threshold factor in determining the viability of [the a]ppellee's derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

***Id***. at 110. Here, three of Appellant's issues, relating to violations of ***Alleyne***, as well as the doctrines of separation of powers and prohibition against cruel and unusual punishment, were specifically considered and rejected by the ***Torsilieri II*** Court based on evidence materially similar to that introduced at Appellant's hearings. Therefore, they do not warrant relief.

With respect to Appellant's argument that SORNA violates *ex post facto* prohibitions, it likewise cannot succeed in light of our High Court's finding that Subchapter H is not punitive. As the Court has recognized, "the threshold question for determining whether the retroactive application of [SORNA] . . . violates the constitutional prohibition against *ex post facto* laws is whether the requirements . . . constitute criminal punishment." ***Commonwealth v. Lacombe***, 234 A.3d 602, 618 (Pa. 2020) (citation omitted). Since Appellant

- 11 -

has not convinced us that the provision in question is punitive, this claim similarly cannot form the basis of a successful *ex post facto* challenge.

In his final issue, Appellant raises an as-applied challenge to SORNA on the basis of his disability. **See** Appellant's brief at 46-52. We dispose of this claim because this Court previously determined it to be waived for failure to be developed in Appellant's brief. **See Saunders**, 2021 WL 1087300, \*3. Since this was not presented to our High Court in Appellant's petition for allowance of appeal, the grant of his petition did not disturb our disposition and he has abandoned any challenge to that holding.[3] **See** Pa.R.A.P. 1115(a)(3) ("Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed."); **see also Zager v. Chester Community Charter School**, 934 A.2d 1227, 1233 n.4 (Pa. 2007) (refusing to consider an issue that was not raised by a litigant in the petition for allowance of appeal)..

In sum, the issues presented by Appellant herein were either waived or squarely resolved by the Court in **Torsilieri II**. Like our High Court in that case, we find that Appellant has not met his substantial burden of demonstrating that Subchapter H of SORNA is unconstitutional, either facially or as applied to him. Therefore, the trial court did not err in denying his post-sentence motion.

---

[3] Even if this matter were properly before us in light of the Supreme Court vacating our prior order, we would nonetheless find it waived for the reasons already set forth in our prior memorandum. **See Commonwealth v. Saunders**, 251 A.3d 1256 (Pa.Super. 2021) (non-precedential decision).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024