J-S37005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY DESHAN DAVIS, | : | |
| | : | |
| Appellant | : | No. 1572 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 3, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004661-2017

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 31, 2024**

Timothy Deshan Davis appeals from the judgment of sentence of five and one-half to fifteen years in prison after he was found guilty of two counts of involuntary deviate sexual intercourse and one count each of aggravated assault, sexual assault, aggravated indecent assault, and simple assault. On appeal, he raises numerous challenges to the constitutionality of Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA"), as well as the weight and sufficiency of his convictions. We affirm.

We glean the following background from the certified record. On January 9, 2018, a jury convicted Appellant of the above-referenced charges, which stemmed from an incident wherein he physically attacked a woman and had anal intercourse with her against her will. On May 4, 2018, the trial court sentenced Appellant as indicated. Although Appellant was evaluated by the Pennsylvania Sexual Offenders Assessment Board, which opined that he

satisfied the criteria of being a sexually violent predator ("SVP"), the court did not conduct an SVP hearing prior to sentencing. Nonetheless, pursuant to Subchapter H of SORNA, he was still subject to SORNA's lifetime registration requirements by virtue of the sexual assault and involuntary deviate sexual intercourse convictions.

Appellant thereafter filed a timely post-sentence motion requesting reconsideration of his sentence. While the motion was pending, Appellant submitted a supplemental motion on August 31, 2018, which, *inter alia*, attacked the constitutionality of Subchapter H of SORNA and sought to bar any SVP hearing. Several other similarly situated defendants in Bucks County filed identical motions.

The trial court, sitting *en banc*, held a hearing and considered briefs as to the motions. It initially entered a memorandum opinion granting relief to Appellant and finding that SORNA was unconstitutional because it retroactively imposed punitive registration requirements. However, the Commonwealth filed a motion for reconsideration, which resulted in an additional hearing and further briefing by the parties. Ultimately, the court entered an order on March 18, 2019, vacating parts of the prior memorandum and declaring that Subchapter H is constitutional except as it applies to the determination of SVPs, and thus denying the various defendants' post-sentence motions. After the decision, the court reimposed the same prison sentence and informed Appellant of his requirements to register as a sexual offender for his lifetime as a Tier III offender.

Appellant filed an appeal raising eight issues. The first two related to the sufficiency of his verdicts and the weight of the evidence. Upon review, this Court concluded that the convictions were supported by sufficient evidence. **See Commonwealth v. Davis**, 251 A.3d 1253, 2021 WL 1086865, *6 (Pa.Super. 2021) (non-precedential decision) ("We have thoroughly reviewed the certified record before us on appeal, and we agree with the trial court's determination that the Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that Appellant committed the various sexual crimes and the assault crimes."). We additionally rejected the assertion that the convictions were against the weight of the evidence, determining that the trial court did not abuse its discretion by choosing not to grant relief. **Id**. at *8.

Appellant's remaining issues challenged the constitutionality of SORNA. We did not address the merits of those claims, instead remanding to the trial court for further development of the record. Specifically, we noted that his arguments were the same as those considered by our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) ("**Torsilieri I**"), which was also remanded to the trial court for additional evidence concerning recidivism of sexual offenders. **See Davis**, 2021 WL 1086865, at *9.

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, raising the sole question of SORNA's constitutionality.[1]  He did not contest our affirmation of the judgment of sentence or the finding that he was not entitled to relief with respect to his weight and sufficiency claims. Our High Court held the petition for allowance of appeal pending resolution of the issues eventually decided in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) ("**Torsilieri II**").  Therein, the Court found that Torsilieri "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm." **Id**. at 110.  The Court likewise determined that Torsilieri did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." **Id**.

In light of **Torsilieri II** and the overlap of issues presented, the Pennsylvania Supreme Court granted Appellant's allowance of appeal, vacated our order, and remanded this matter to us for reconsideration.  It is now ripe for review.

Appellant presents the following issues, which we have re-ordered for ease of disposition:

---

[1] More specifically, the petition framed the matter as follows:

> Should this Honorable Court grant the petition for allowance of appeal where the question presented is one of such substantial, public importance as to require prompt and definitive resolution by the Pennsylvania Supreme Court and the issue involves the constitutionality of a statute of the Commonwealth?

Petition for Allowance of Appeal, 6/25/21, at 2 (capitalization altered).

- 4 -

A. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated United States and Pennsylvania constitutional due process protections because it deprives Appellant of the right to reputation under the Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, [is] overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirements, and otherwise violates substantive due process protections?

B. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States and Pennsylvania constitution due process prohibition against *ex post facto* laws?

C. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

D. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violate the United States and Pennsylvania constitutions' separation of powers doctrine, as it gave judicial powers to the legislature and Pennsylvania State Police?

E. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated [the] United States and Pennsylvania constitutions' due process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of ***Alleyne v. United States***, 570 U.S. 99 (2013), and that said provisions are not severable?

F. Whether the [trial] court erred when it failed to find that [Subchapter H of SORNA] and its registration requirements violated the United States Constitution and the enhanced

protections under the Pennsylvania Constitution on its face and as applied?

G. The [trial] court erred in finding that there was sufficient evidence to establish involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, sexual assault, and simple assault where the verdict rested on the lack of evidence, inconsistent evidence, and there was insufficient evidence of the *mens rea*, *actus rea*, and requisite injury?

H. Whether the [trial] court erred in finding that the weight of the evidence established involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, sexual assault, and simple assault where the verdict rested on the lack of evidence, inconsistent evidence, and there was insufficient evidence of the *mens rea*, *actus rea*, and requisite injury?

Appellant's brief at 5-7 (some capitalization altered).

Appellant's first six issues attack the constitutionality of Subchapter H of SORNA, which "is a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Smith**, 320 A.3d 674, 681 (Pa.Super. 2024) (citing **Torsilieri I**). "When addressing constitutional challenges to legislative enactments, we recognize that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens." **Id**. (citation omitted). Furthermore,

Any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute clearly, palpably, and plainly violates the Constitution. The presumption that legislative enactments are constitutional is strong. All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. Moreover, statutes are to be construed whenever possible to uphold their constitutionality.

*Id*. (cleaned up).

> Finally, we note that such challenges can be either facial or as-applied:
>
> A facial attack tests a law's constitutionality based on its text alone without considering the facts or circumstances of a particular case. The court does not look beyond the statute's explicit requirements or speculate about hypothetical or imaginary cases. An as-applied attack on a statute is more limited. It does not contend that a law is unconstitutional as written, but that its application to a particular person under particular circumstances deprives that person of a constitutional right. While as-applied challenges require application of the ordinance to be ripe, facial challenges are different, and ripe upon mere enactment of the ordinance. It is permissible to raise both facial and as-applied challenges to a statute.

*See Commonwealth v. Muhammad*, 241 A.3d 1149, 1155 (Pa.Super. 2020) (cleaned up). Here, Appellant asserts both types of challenges within his brief.

Turning to his first issue, Appellant argues that Subchapter H of SORNA must be stricken because it is supported by an unconstitutional irrebuttable presumption, namely that "[s]exual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a). Our High Court has declared that, to establish a violation of the irrebuttable presumption doctrine, "a challenging party must satisfy the three-prong test of demonstrating: (1) a protected interest, (2) a presumption that is not universally true, and (3) reasonable alternative means to ascertain the presumed fact." *Torsilieri II*, 316 A.3d at 96 (citation omitted). The Court has also clarified that to satisfy the second element, an appellant in this case

"must establish a **consensus** of scientific evidence rebutting the presumption as to the class of adult sex offenders (that they are at high risk of reoffending)." **Torsilieri I**, 232 A.3d at 583 (emphasis in original).

Appellant argues that the registration requirements in SORNA deprive him of the right to reputation, as they perpetuate the myth that he is dangerous to society based solely on the type of offense of which he was convicted without any individualized consideration. **See** Appellant's brief at 48-53. He contends that the evidence introduced in this matter at the *en banc* hearing proves false the claim that sexual offenders are universally "high risk." *Id*. at 54-56. More specifically, he highlights the testimony presented by Karl Hanson, Ph.D., C.Psych, a renowned expert on sex offender recidivism, who opined that the risk arising from such offenders "is actually quite low," and that they are less likely to commit an offense the longer they are crime-free. *Id*. at 54-55. Finally, Appellant asserts that there are alternative methods of achieving SORNA's goals of identifying those likely to recommit sex crimes, including empirical risk-based assessments or SVP determinations. *Id*. at 57-58.

This argument is virtually identical to that considered in **Torsilieri II**, wherein the Pennsylvania Supreme Court held thusly:

> To overturn the legislative presumption that sex offenders are more likely as a group to commit new sex offenses, we must conclude there is a universal consensus that this presumption is wrong. There cannot be a mere disagreement among experts; there must be clear and indisputable evidence for us to take this extraordinary step, as the General Assembly made a considered

policy choice that sex crimes were uniquely abhorrent to the victims and society, and relying on the presumption that, as a group, those who commit such crimes are more likely to commit another crime of a sexual nature.

***Torsilieri II***, 316 A.3d at 99. The Court further noted that all three of Torsilieri's "own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses."[2] ***Id***. (citation omitted). Thus, the evidence supported, rather than refuted, the legislative presumption.

In light of ***Torsilieri II***, Appellant's claim here must fail. Though he contends that he introduced evidence that the recidivism risk for sexual offenders "is actually quite low," this does not speak to the ultimate question raised by the legislative findings: "whether the percentage of those who have committed a sexual offense and go on to commit a second sexual offense — the group SORNA targets — is higher than the percentage of those who first commit a non-sexual offense followed by a second, sexual offense." ***Torsilieri II***, 316 A.3d at 99. Despite extensively highlighting evidence of record that he purports to be favorable to his position, Appellant has done no more than at best raise a "disagreement among experts." ***Id***. He has not provided us with clear and indisputable evidence significantly different from or stronger than that introduced by Torsilieri that the legislative presumption is incorrect. Without this, we are unwilling to take the extraordinary step of concluding

---

[2] Notably, two of the experts whom Appellant cites extensively throughout his brief are the same as those relied upon by Torsilieri, namely Dr. Karl Hanson and Elizabeth Letourneau, Ph.D.

that the General Assembly's policy findings are unconstitutional. Therefore, no relief is due.

In his next five issues, Appellant advances four additional constitution-based challenges to SORNA. He first asserts that the statute violates both federal and state separation of powers principles, in that it removes the courts from their mandated sentencing functions. **See** Appellant's brief at 103-105. Second, Appellant argues that the registration requirements constitute cruel and unusual punishment because, *inter alia*, they stigmatize registrants and create barriers to normal life while not achieving the goal of advising the public of those who are likely to recidivate. **Id**. at 67-102. He third maintains that SORNA violates the High Court's precedent in **Alleyne**, as it permits a court to impose punishment, *i.e.*, registration, based upon findings that were not made by a jury beyond a reasonable doubt. **Id**. at 106-107. Finally, Appellant claims that the statute runs afoul of *ex post facto* prohibitions since it retroactively imposes sanctions on those who committed crimes prior to the February 2018 enactment date. **Id**. at 45-47.

The common thread in these claims is that they all depend upon a finding that Subchapter H of SORNA constitutes criminal punishment. **See Torsilieri II**, 316 A.3d at 100 ("Importantly, [the a]ppellee's other constitutional challenges — regarding the separation of powers doctrine, the United States Constitution's prohibition on cruel and unusual punishment, and the right to a trial by jury — depend upon a determination that Subchapter H is punitive legislation."); **id**. at 80 (stating that this question is "a gateway

inquiry, as legislation must be deemed to be in the nature of criminal punishment to invoke the protections of these constitutional provisions").

As referenced above, the **Torsilieri II** Court directly addressed whether the act's registration requirements constituted criminal punishment based on the testimony presented, opining that Torsilieri "did not meet his heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose." **Torsilieri II**, 316 A.3d at 109-110 (analyzing the factors set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963)). Accordingly, it held:

> This being the case, we also conclude that, because a finding that Subchapter H constitutes criminal punishment is a threshold factor in determining the viability of [the a]ppellee's derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

*Id*. at 110. Here, three of Appellant's issues, relating to violations of **Alleyne**, as well as the doctrines of separation of powers and prohibition against cruel and unusual punishment, were specifically considered and rejected by the **Torsilieri II** Court based on evidence materially similar to that introduced at Appellant's hearings. Therefore, they do not warrant relief.

With respect to Appellant's argument that SORNA violates *ex post facto* prohibitions, it likewise cannot succeed in light of our High Court's finding that Subchapter H is not punitive. As the Court has recognized, "the threshold

question for determining whether the retroactive application of [SORNA] . . . violates the constitutional prohibition against *ex post facto* laws is whether the requirements . . . constitute criminal punishment." ***Commonwealth v. Lacombe***, 234 A.3d 602, 618 (Pa. 2020) (citation omitted).  Since Appellant has not convinced us that the provision in question is punitive, this claim similarly cannot form the basis of a successful *ex post facto* challenge.

In sum, the constitutional issues presented by Appellant herein were squarely resolved by the Court in ***Torsilieri II***.  Like our High Court in that case, we find that Appellant has not met his substantial burden of demonstrating that Subchapter H of SORNA is unconstitutional, either facially or as applied to him.  Therefore, the trial court did not err in denying his post-sentence motion.

In his remaining claims, Appellant asserts that there was insufficient evidence underlying his convictions and that the verdicts were against the weight of the evidence.  ***See*** Appellant's brief at 108-119.  We dispose of these arguments because they were previously considered and rejected by this Court.  ***See Davis***, 2021 WL 1086865, at *6-8.  Since they were not presented to our High Court in Appellant's petition for allowance of appeal, the grant of his petition did not disturb our dispositions and he has abandoned any challenge to those holdings.[3]  ***See*** Pa.R.A.P. 1115(a)(3) ("Only the

---

[3] Even if these matters were properly before us in light of the Supreme Court vacating our prior order, we would nonetheless affirm for the reasons already set forth in our prior memorandum. ***See Commonwealth v. Davis***, 251 A.3d 1253 (Pa.Super. 2021) (non-precedential decision).

questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed."); ***see also Zager v. Chester Community Charter School***, 934 A.2d 1227, 1233 n.4 (Pa. 2007) (refusing to consider an issue that was not raised by a litigant in the petition for allowance of appeal).

For the reasons above, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024